Robert H. Horn, SBN 134710
rhorn@proskauer.com
PROSKAUER ROSE LLP
2049 Century Park East, 32nd Floor
Los Angeles, California  90067
Telephone (310) 557-2900
Fax (310) 557-2193

Charles B. Ortner, Admitted Pro Hac Vice
cortner@proskauer.com
Sandra A. Crawshaw-Sparks, Admitted Pro Hac Vice
scrawshaw@proskauer.com
PROSKAUER ROSE LLP
1585 Broadway
New York, New York  10036
Telephone (212) 969-3000
Fax (212) 969-2900

Attorneys for Defendants
U2 Limited, Paul David Hewson,
David Howell Evans, Adam Clayton
and Larry Mullen, Jr.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRIS LESTER, an individual, | Case No.. CV 07-06612 SJO (CWx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | **NOTE CHANGES MADE BY COURT** |
| U2 LIMITED, an Irish incorporated company resident in The Nederlands, et al., | |
| Defendants. | |

5480/74701-001
Current/12284305v1

Pursuant to the stipulation by and among the parties to this action, and good cause appearing,

IT IS HEREBY ORDERED:

## **PURPOSES AND LIMITATIONS**

1. Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation would be warranted.  Plaintiff Chris Lester ("Lester") alleges that he created, composed and recorded the music composition "Nowhere Fast" and registered the musical composition with the U.S. Copyright Office.  Lester further alleges that the band U2 had access to and copied a substantial part of "Nowhere Fast" in composing and recording the song "Vertigo." Defendants deny Lester's allegations.  The parties anticipate that discovery will involve the disclosure of documents and testimony relating to, among other things, the composition and recording of "Nowhere Fast" and "Vertigo," and confidential financial information relating to sales and performances of "Vertigo."  Accordingly, the parties hereby stipulate to, and petition the Court to enter, the following stipulated Protective Order.  The parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties also reserve their rights to seek an agreement of the parties, or an order of the Court if necessary, for a higher level of protection for disclosures or responses to discovery, and this Order is without prejudice to such relief.  Any Protected Material (as defined below) submitted to the Court shall be ~~filed~~ **submitted for filing** under seal **subject to Court approval**.  Central District Local Rule 79-5 sets forth the procedures that must be followed to file material under seal.

## DEFINITIONS

2. (a) <u>Party</u>: any party to this action, including all of its officers, directors, employees, and outside counsel (and their support staff).

(b) <u>"Confidential" Information or Items</u>: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c).

(c) <u>"Highly Restricted – Limited Possession and Access" Information or Items</u>: nonpublic information or items embodying musical compositions, lyrics, sound recordings, visual recordings, audiovisual recordings, demos, works in progress, and/or performances by the band U2, regardless of the media on which it is stored (*e.g.*, tapes, CDs, DVDs, computers, other electronic or digital media, etc.); deposition transcripts, audio recordings and audiovisual recordings of testimony of band members Paul David Hewson, David Howell Evans, Adam Clayton and Larry Mullen, Jr.; and audio and audiovisual materials containing those portions of transcripts or recordings of interviews of one or more members of U2 for the book "U2 by U2" and/or the U2 Vertigo Concert DVD which have not been made public. Only counsel for defendants U2 Limited, Paul David Hewson, David Howell Evans, Adam Clayton and Larry Mullen, Jr. may designate information or items as "Highly Restricted – Limited Possession and Access." If such counsel become aware of other information or items that are appropriate for the "Highly Restricted – Limited Possession and Access" designation, they shall meet and confer with Lester's counsel on this issue. If counsel are unable to agree whether such information or items qualify for this designation, the parties may present the issue to the Court.

(d) <u>Disclosure or Discovery Material</u>: all disclosures or discovery material, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

5480/74701-001
Current//12284305v

(e) <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Restricted – Limited Possession and Access."

(f) <u>Designating Party</u>: a Party or nonparty that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Restricted – Limited Possession and Access."

(g) <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material from a Producing Party.

(h) <u>Producing Party</u>: a Party or nonparty that produces Disclosure or Discovery Material in this action.

(i) <u>Outside Counsel</u>: attorneys who are not employees of a Party but who are retained to represent a Party in this action.

(j) <u>In-House Counsel</u>: attorneys who are employees of a Party.

(k) <u>Counsel (without qualifier)</u>: Outside Counsel and In-House Counsel (as well as their support staffs).

(l) <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action. This definition includes a professional jury or trial consultant retained in connection with this litigation.

(m) <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

(n) <u>Final Disposition</u>: (1) entry of judgment and either exhaustion of all appeals or expiration of the time in which to appeal; or (2) a settlement among all parties and dismissal such that no action remains pending.

5480/74701-001
Current//12284305v

## SCOPE

3. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by Parties or Counsel to or in court or in other settings that might reveal Protected Material.

## DURATION

4. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## DESIGNATING PROTECTED MATERIAL

5. (a) <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or nonparty that designates information or items for protection under this Protective Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate as Protected Material only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

(b) <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, material that qualifies for protection under this Protective Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Protective Order requires:

(i) <u>For information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings)</u>: that the producing Party affix the legend "CONFIDENTIAL" on each page that contains Protected

1  Material.  If only a portion or portions of the material on a page qualifies for
2  protection, the producing Party also must clearly identify the protected portion(s)
3  (e.g., by making appropriate markings in the margins).  A Party that makes original
4  documents or materials available for inspection need not designate them for
5  protection until after the inspecting Party has indicated which material it would like
6  copied and produced.  During the inspection and before the designation, all of the
7  material made available for inspection shall be deemed "CONFIDENTIAL."  After
8  the inspecting Party has identified the documents it wants copied and produced, the
9  producing Party must determine which documents, or portions thereof, qualify for
10 protection under this Protective Order; then, before producing the specified
11 documents, the producing Party must affix the legend "CONFIDENTIAL" on each
12 page that contains Protected Material.  If only a portion or portions of the material
13 on a page qualifies for protection, the producing Party also must clearly identify the
14 protected portion(s) (e.g., by making appropriate markings in the margins).
15              (ii)    <u>For testimony given in deposition or in other pretrial or
16 trial proceedings</u>:  that the Party or nonparty offering or sponsoring the testimony
17 identify on the record, before the close of the deposition, hearing, or other
18 proceeding, all protected testimony, and further specify any portions of the
19 testimony that qualify as "CONFIDENTIAL."  When it is impractical to identify
20 separately each portion of testimony that is entitled to protection, and when it
21 appears that substantial portions of the testimony may qualify for protection, the
22 Party or nonparty that sponsors, offers, or gives the testimony may invoke on the
23 record (before the deposition or proceeding is concluded) a right to have up to 20
24 days after receipt of the transcript of such deposition or proceeding to identify the
25 specific portions of the testimony as to which protection is sought, without prejudice
26 to any other Party's ability to meet and confer and/or move to compel further
27 deposition answers in the meantime. Only those portions of the testimony that are
28 appropriately designated for protection within the 20 days shall be covered by the

1  provisions of this Protective Order.  Transcript pages containing Protected Material
2  must be separately bound by the court reporter, who must affix to the top of each
3  such page the legend "CONFIDENTIAL," as instructed by the Party or nonparty
4  offering or sponsoring the witness or presenting the testimony.
5                     (iii)   for information produced in some form other than
6  documentary, and for any other tangible items, that the Producing Party affix in a
7  prominent place on the exterior of the container or containers in which the
8  information or item is stored the legend "CONFIDENTIAL."  If only portions of the
9  information or item warrant protection, the Producing Party, to the extent
10 practicable, shall identify the protected portions.
11                (c)   The Parties recognize and acknowledge that nonpublic
12 Disclosure or Discovery Materials embodying (i) musical compositions, lyrics,
13 sound recordings, visual recordings, audiovisual recordings, demos, works in
14 progress, and/or performances by the band U2, regardless of the media on which it
15 is stored (e.g., tapes, CDs, DVDs, computers, other electronic or digital media, etc.),
16 (ii) deposition transcripts, audio recordings and audiovisual recordings of testimony
17 of band members Paul David Hewson, David Howell Evans, Adam Clayton and
18 Larry Mullen, Jr.; and (iii) audio and audiovisual materials containing those portions
19 of transcripts or recordings of interviews of one or more members of U2 for the
20 book "U2 by U2" and/or the U2 Vertigo Concert DVD which have not been made
21 public (collectively, "HIGHLY RESTRICTED – LIMITED POSSESSION AND
22 ACCESS" information or items), may have economic value to members of the press
23 and/or the public.  The front and back of each page, audio recording and/or
24 audiovisual recording of all such "HIGHLY RESTRICTED – LIMITED
25 POSSESSION AND ACCESS" information or items shall be stamped or affixed
26 with a permanent label with the legend "HIGHLY RESTRICTED – LIMITED
27 POSSESSION AND ACCESS."
28

5480/74701-001
Current//12284305v

6. <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items as "CONFIDENTIAL" or "HIGHLY RESTRICTED – LIMITED POSSESSION AND ACCESS" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If material is appropriately designated as "CONFIDENTIAL" or "HIGHLY RESTRICTED – LIMITED POSSESSION AND ACCESS" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

7. (a) <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

(b) <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must attempt to begin the process by conferring directly with counsel for the Designating Party. In accordance with Civil Local Rule 37-1, counsel for the Designating Party shall confer with counsel for the challenging Party and shall provide in writing all bases upon which the Designating Party contends that the designation is proper within 10 calendar days after the challenging Party serves a letter requesting such conference. The challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

(c) <u>Judicial Intervention</u>. A Party that elects to press a challenge to a confidentiality designation may file and serve a motion (and the required stipulation) in compliance with Civil Local Rule 37-2 (and in compliance with Civil

7

1  Local Rule 79-5, if applicable).  The burden of persuasion in any such challenge
2  proceeding shall be on the Designating Party.  Until the Court rules on the
3  challenge, all Parties shall continue to afford the material in question the level of
4  protection to which it would be entitled under the Designating Party's designation.

## ACCESS TO AND USE OF PROTECTED MATERIAL

6        8.    (a)    <u>Basic Principles</u>.  A Receiving Party may use Protected Material
7  that is disclosed or produced by another Party or by a nonparty in connection with
8  this case only for prosecuting or defending this litigation.  Such Protected Material
9  may be disclosed only to the categories of persons and under the conditions
10  described in this Protective Order.  When the litigation has been terminated, a
11  Receiving Party must comply with the provisions of Section 12, below (FINAL
12  DISPOSITION).  Protected Material must be stored and maintained by a Receiving
13  Party at a location and in a secure manner that ensures that access is limited to the
14  persons authorized under this Protective Order.

15          (b)    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless
16  otherwise ordered by the Court or permitted in writing by the Designating Party, a
17  Receiving Party may disclose any information or item designated
18  "CONFIDENTIAL" only to:

19            (i)    The Receiving Party's Outside Counsel of record in this
20  action, as well as employees of said Outside Counsel to whom it is reasonably
21  necessary to disclose the information for this litigation;

22            (ii)    In-House Counsel of a Receiving Party to whom
23  disclosure is reasonably necessary for this litigation;

24            (iii)    The current and former officers, directors, and employees
25  of the Receiving Party and/or Designating Party to whom disclosure is reasonably
26  necessary for this litigation; provided, however, that solely in respect to such former
27  officers, directors, and employees, (a) the information or item relates to the issue of
28  defendants' potential liability and does not contain any nonpublic financial or

8

1  pricing information; (b) the witness is someone who the Receiving Party reasonably
2  believes may have evidence concerning defendants' potential liability; and
3  (c) counsel for the Receiving Party may show the information or item to the witness,
4  but shall not allow the witness to have possession, custody or control over any
5  original or copy of the information or item.  Notwithstanding anything in this
6  subparagraph, a Receiving Party may disclose any information or item designated
7  "CONFIDENTIAL" to any current or former officer, director or employee of the
8  Receiving Party or Designating Party (even if it contains nonpublic financial or
9  pricing information) during their deposition.
10             (iv)    Experts (as defined in this Protective Order) to whom
11 disclosure is reasonably necessary for this litigation, and who have signed the
12 "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A
13 (whenever a signed "Agreement to Be Bound by Protective Order" is required by
14 this Protective Order, the signed original shall be delivered to and maintained by the
15 Designating Party, except in the case of an undisclosed Expert, in which case the
16 signed "Agreement to Be Bound by Protective Order" shall be delivered to and
17 maintained by counsel of record for the Party who retains the undisclosed Expert).
18             (v)    The Court and its personnel;
19             (vi)   The jury for purposes of trial;
20             (vii)  Certified stenographic reporters and videographers
21 retained in connection with this action and their staffs;
22             (viii) Professional Vendors (as defined in this Protective Order)
23 to whom disclosure is reasonably necessary for this litigation;
24             (ix)   During their depositions, witnesses in the action and their
25 counsel to whom disclosure is reasonably necessary and who have signed the
26 "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A.
27 If a witness or their counsel declines to sign the "Agreement to Be Bound by
28

9

1 Protective Order," the Parties shall promptly present the issue to the judge or
2 discovery referee;
3     (x)    The author of the document, persons shown as recipients
4 of the document, or the original source of the information.
5     (c)    <u>Disclosure of "HIGHLY RESTRICTED – LIMITED
6 POSSESSION AND ACCESS" Information or Items</u>.
7     (i)    Unless otherwise ordered by the Court or permitted in
8 writing by the Designating Party, only the following persons may have *physical*
9 *possession* of "HIGHLY RESTRICTED – LIMITED POSSESSION AND
10 ACCESS" information or items:
11     (A)    The Receiving Party's Outside Counsel of record in
12 this action, and In-House Counsel and senior executives to whom it is reasonably
13 necessary to disclose the information for this litigation;
14     (B)    Experts (as defined in this Protective Order) to
15 whom disclosure is reasonably necessary for this litigation, and who have signed the
16 "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;
17     (C)    Professional Vendors (as defined in this Protective
18 Order) to whom temporary possession of "HIGHLY RESTRICTED – LIMITED
19 POSSESSION AND ACCESS" information or items is reasonably necessary to
20 create an exhibit specifically for presentation at any hearing, mediation, trial or other
21 proceeding in this action, and who have signed the "Agreement to Be Bound by
22 Protective Order" that is attached hereto as Exhibit A, in which case the Receiving
23 Party shall retrieve all copies of such information or items from the Professional
24 Vendors upon deliver of the trial exhibit to counsel for the Receiving Party;
25     (D)    Certified stenographic reporters and videographers
26 retained in connection with this action and their staffs, and who have signed the
27 "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;
28     (E)    The Court and its personnel;

       (F)  The jury for purposes of trial.

    (ii)  Unless otherwise ordered by the Court or permitted in writing by the Designating Party, only the following persons may have access to "HIGHLY RESTRICTED – LIMITED POSSESSION AND ACCESS" information or items under the supervision of an individual with authority to have physical possession of "HIGHLY RESTRICTED – LIMITED POSSESSION AND ACCESS" information or items:

       (A)  Employees of Outside Counsel of record in this action to whom it is reasonably necessary to disclose the information for this litigation, and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A;

       (B)  The current and former officers, directors, and employees of the Receiving Party and/or Designating Party to whom disclosure is reasonably necessary for this litigation; provided, however, that solely in respect to such former officers, directors, and employees, (a) the information or item relates to the issue of defendants' potential liability; (b) the witness is someone who the Receiving Party reasonably believes may have evidence concerning defendants' potential liability; and (c) counsel for the Receiving Party may show the information or item to the witness, but shall not allow the witness to have possession, custody or control over any original or copy of the information or item. and

       (C)  During their depositions, witnesses in the action and their counsel to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" that is attached hereto as Exhibit A; if a witness or their counsel decline to sign the "Agreement to Be Bound by Protective Order," the Parties shall promptly present the issue to the judge or discovery referee.

## PROTECTED MATERIAL SUBPOENAED OR
## ORDERED PRODUCED IN OTHER LITIGATION

9.　　If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY RESTRICTED – LIMITED POSSESSION AND ACCESS," the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) within a reasonable time, but in no event more than 10 calendar days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.  The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.  The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

## UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

10.　　If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Protective Order,

1  and (d) request such person or persons to execute the "Agreement to Be Bound by
2  Protective Order" that is attached hereto as Exhibit A.

### FILING PROTECTED MATERIAL

4  11. ~~A Party may not file any Protected Material in the public record in this
5  action~~.  If a Party wishes to submit Protected Material to the Court, the Party shall
6  ~~file~~ **submit** the Protected Material **for filing** under seal **subject to Court approval**.
7  A Party that seeks to file under seal any Protected Material must comply with Civil
8  Local Rule 79-5.  A Party is authorized to file Protected Material under seal
9  pursuant to this Protective Order.  No additional order authorizing the filing of
10 Protected Material under seal is necessary.

### FINAL DISPOSITION

12 12. Unless otherwise ordered or agreed in writing by the Producing Party,
13 within 60 days after the Final Disposition of this action, each Receiving Party must
14 return all Protected Material to the Producing Party.  As used in this subdivision,
15 "all Protected Material" includes all copies, abstracts, compilations, summaries or
16 any other form of reproducing or capturing any of the Protected Material.  However,
17 nothing herein shall require extraordinary or unduly expensive or burdensome
18 measures to locate all electronic copies of Protected Material.  With permission in
19 writing from the Designating Party, the Receiving Party may destroy some or all of
20 the Protected Material instead of returning it.  Whether the Protected Material is
21 returned or destroyed, the Receiving Party must submit a written certification to the
22 Producing Party (and, if not the same person or entity, to the Designating Party) by
23 the 60-day deadline that identifies (by category, where appropriate) all the Protected
24 Material that was returned or destroyed and that affirms that the Receiving Party has
25 not retained any copies, abstracts, compilations, summaries or other forms of
26 reproducing or capturing any of the Protected Material.  Notwithstanding this
27 provision, Counsel are entitled to retain an archival copy of all pleadings, motion
28 papers, transcripts, legal memoranda, correspondence or attorney work product,

5480/74701-001
Current//12284305v

1 even if such materials contain Protected Material.  Any such archival copies that
2 contain or constitute Protected Material remain subject to this Protective Order as
3 set forth in Section 4 (DURATION), above.

## **MISCELLANEOUS**

5     13. <u>Right to Further Relief</u>.  Nothing in this Protective Order abridges the
6 right of any person to seek its modification by the Court in the future.
7     14. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
8 Protective Order, no Party waives any right it otherwise would have to object to
9 disclosing or producing any information or item on any ground not addressed in this
10 Protective Order.  Similarly, no Party waives any right to object on any ground to
11 use in evidence of any of the material covered by this Protective Order.

13 Dated: November 3, 2008

_____/S/_____
Carla Woehrle
United States Magistrate Judge

5480/74701-001
Current//12284305v

# EXHIBIT A

# AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court, Central District of California, on _____, 2008 in the case of *Chris Lester v. U2 Limited, et al.*, No. CV 0706612 SJO (CWx).  I agree to comply with and to be bound by all the terms of the Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to the Protective Order to any person or entity except in strict compliance with the provisions of the Protective Order.

I further agree to submit to the jurisdiction of the United States District Court, Central District of California, for the purpose of enforcing the terms of the Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

5480/74701-001
Current//12284305v